

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2026 FEB 18 PM 2:07
OFFICE OF THE CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 8:26CR26 |
| Plaintiff, | INDICTMENT |
| vs. | 26 U.S.C. § 7206(1) |
| | 26 U.S.C. § 7206(2) |
| BLAKE FINDELL and SABRINA WARD, | 26 U.S.C. § 7203 |
| | 26 U.S.C. § 7302 |
| Defendants. | 18 U.S.C. § 1343 |
| | 18 U.S.C. § 1344(2) |
| | 18 U.S.C. § 1349 |
| | 18 U.S.C. § 1001(a)(2) |
| | 18 U.S.C. § 2 |
| | 21 U.S.C. § 853(p) |
| | 18 U.S.C. § 982(b)(1) |
| | 28 U.S.C. § 2461(c) |

The Grand Jury charges that

## INTRODUCTION

At all times material herein:

## I.  BACKGROUND CONCERNING DEFENDANT BLAKE FINDELL, DEFENDANT SABRINA WARD, BLAKE FINDELL ENTERPRISES L.L.C., AND YOUTH DEVELOPERS SERVICES, L.L.C.

1.  Bank of the West was a financial institution headquartered in San Francisco, that was insured by the Federal Deposit Insurance Corporation ("FDIC"). Bank of Montreal ("BMO") acquired Bank of the West in about February of 2023. All accounts and branches of Bank of the West were later converted and merged into the renamed, BMO Bank National Association, a FDIC insured financial institution headquartered in Chicago, Illinois, which is a subsidiary of BMO.

2.  Sutton Bank is a financial institution headquartered in Attica, Ohio, that is insured

1

by the FDIC.

3.      Citibank is a financial institution headquartered in New York, New York, that is insured by the FDIC.

4.      Celtic Bank is a financial institution headquartered in Salt Lake City, Utah, that is insured by the FDIC.

5.      Defendant BLAKE FINDELL was a resident of Nebraska. Defendant BLAKE FINDELL maintained a Bank of the West account ending in -3707.

6.      Defendant SABRINA WARD was a resident of Nebraska. Defendant SABRINA WARD maintained a Bank of the West account ending in -6650.

7.      INDIVIDUAL 1, whose name is known to the Grand Jury, was a resident of Nebraska. INDIVIDUAL 1 maintained a bank account at Sutton Bank, with account ending in -5210.

8.      INDIVIDUAL 4, whose name is known to the Grand Jury, was a resident of Nebraska.

9.      INDIVIDUAL 2, whose name is known to the Grand Jury, was a resident of Nebraska. INDIVIDUAL 2 maintained a bank account at Citibank ending in -6749.

10.     INDIVIDUAL 3, whose name is known to the Grand Jury, was a resident of Iowa. INDIVIDUAL 3 is now deceased. INDIVIDUAL 3 maintained a bank account at Bank of the West with account ending in -8541.

11.     On or about September 3, 2019, Blake Findell Enterprises L.L.C. ("BFE") was incorporated in the State of Nebraska. Rocket Corporate Services Inc. ("Rocket"), based in Lincoln, Nebraska, served as the registered agent. V.C., based in Sacramento, California, served as the organizer. The Certificate of Organization stated that BFE was member managed and that

its designated office was: 15409 Mormon Street, Bennington, Nebraska. Defendant BLAKE FINDELL signed BFE's 2021-2022 Biennial Report and is listed as BFE's President and CEO. Defendant BLAKE FINDELL's s-signed BFE's 2023-2024 Biennial Report and is listed as BFE's President. BFE had a Bank of the West account ending in -9179.

12.     On or about September 3, 2019, Youth Developers Services, L.L.C. ("YDS") was incorporated in the State of Nebraska. Legalinc Corporate Services Inc. based in Omaha, Nebraska, served as the registered agent. M.S., based in Houston, Texas, served as the organizer. The Certificate of Organization stated that YDS's designated office was located at 15409 Mormon Street, Bennington, Nebraska. Defendant BLAKE FINDELL signed YDS's March 13, 2021, Statement of Dissolution, and is listed as the authorized representative. YDS had a Bank of the West account ending in -6388.

13.     BFE never paid any wages and never paid any payroll in 2019.

14.     BFE never withheld any money for any employees for federal tax withholding in 2019.

15.     The United States Internal Revenue Service ("IRS") never received any payments of federal tax withholding from BFE.

16.     YDS never paid any wages and never paid any payroll in 2019.

17.     YDS never withheld any money for any employees for federal tax withholding in 2019.

18.     The IRS never received any payments of federal tax withholding from YDS.

## II.    DEFENDANT BLAKE FINDELL AND DEFENDANT SABRINA WARD MAKE FALSE STATEMENTS TO THE IRS CONCERNING TAX YEAR 2019

19.     On or about February 5, 2020, defendant BLAKE FINDELL filed his fraudulent personal Form 1040, U.S. Individual Tax Return for tax year 2019. This tax return reported W-2

wages from BFE in 2019 of $154,129 and federal tax withholdings of $48,788. As part of this tax return, defendant Blake Findell submitted a Schedule C in the name of YDS claiming only expenses. Defendant BLAKE FINDELL claimed a refund of $28,510 for this tax return.

20.     On or about March 3, 2020, defendant BLAKE FINDELL filed a fraudulent Form 1040, U.S. Individual Tax Return, on behalf of INDIVIDUAL 1. This return reported that in 2019, INDIVIDUAL 1 had W-2 wages from BFE in the amount of $198,646 and federal tax withholdings of $73,499. A refund of $42,827 was claimed on this return. As part of INDIVIDUAL 1's 2019 tax returns, an IRS Form 8888, Allocation of Refund was submitted. The Form 8888 directed the IRS to deposit $31,027 of the refund into INDIVIDUAL 1's Sutton Bank account ending in -5210 and $11,800 into a Bank of the West account ending in -7534.

21.     On or about March 4, 2020, defendant SABRINA WARD filed her fraudulent Form 1040, U.S. Individual Tax Return for tax year 2019. This return reported that in 2019, defendant SABRINA WARD had W-2 wages from BFE in the amount of $236,031 and federal tax withholdings of $99,129. A refund of $16,956 was claimed on this return.

22.     On or about March 5, 2020, defendant BLAKE FINDELL, on behalf of BFE, filed four (4) fraudulent Form W-2's, collectively reporting that in 2019, BFE paid wages of $772,291.73 and federal tax withholding of $289,308.89.

23.     On or about March 5, 2020, defendant BLAKE FINDELL, on behalf of YDS, filed two (2) fraudulent Form W-2's, collectively reporting that in 2019, YDS paid wages of $850,641.77 and federal tax withholding of $348,866.33.

24.     On or about March 14, 2020, defendant BLAKE FINDELL filed a fraudulent Form 1040, U.S. Individual Tax Return for tax year 2019, on behalf of INDIVIDUAL 2. This return reported that in 2019, INDIVIDUAL 2 had wages from YDS in the amount of $437,272 and federal

tax withholdings of $179,385. A refund of $38,046 was claimed on this return. As part of INDIVIDUAL 2's 2019 tax returns, an IRS Form 8888, Allocation of Refund was submitted. The Form 8888 directed the IRS to deposit $14,876 of the refund into BFE's Bank of the West account ending in -9179 and $23,170 into INDIVIDUAL 2's Citibank account ending in -6749.

25.     On or about March 15, 2020, defendant BLAKE FINDELL filed a fraudulent Form 1040, U.S. Individual Income Tax Return for tax year 2019, on behalf of INDIVIDUAL 4. This return reported that in 2019, INDIVIDUAL 4 had wages from YDS in the amount of $413,369 with federal withholdings of $169,481. The IRS rejected this tax return and it was not processed.

26.     On or about March 7, 2020, defendant BLAKE FINDELL filed a fraudulent Form 1040, U.S. Individual Tax Return for tax year 2019, on behalf of INDIVIDUAL 3. This return reported that in 2019, INDIVIDUAL 3 had wages from BFE in the amount of $183,497 and federal tax withholdings of $67,894. A refund of $42,400 was claimed on this return. As part of INDIVIDUAL 3's 2019 tax returns, an IRS Form 8888, Allocation of Refund was submitted. The Form 8888 directed the IRS to deposit $29,075 of the refund into INDIVIDUAL 3's Bank of the West account ending in -8541 and $13,325 into defendant BLAKE FINDELL's Bank of the West account ending in -3707.

27.     In about July 2020, defendant BLAKE FINDELL engaged a certified public accountant ("CPA") in Omaha, Nebraska, to prepare and correct the tax returns he had filed. The CPA, at defendant BLAKE FINDELL's direction, filed corrected Forms W-2's for BFE and YDS reporting that BFE and YDS paid zero wages in 2019, had zero employees, and withheld no federal income tax. The CPA, also at defendant BLAKE FINDELL's direction, prepared amended 2019 individual tax returns for defendant SABRINA WARD, defendant BLAKE FINDELL, and INDIVIDUAL 1. The three (3) 2019 amended individual income tax returns removed all reported

wages from BFE and YDS and disclaimed any federal income tax withholding. As a result of the filing of the three (3) 2019 amended income tax returns for defendant SABRINA WARD, defendant BLAKE FINDELL, and INDIVIDUAL 1, they each individually owed the IRS the amount of the refunds that they already been paid based on their original false returns. Defendant SABRINA WARD, defendant BLAKE FINDELL, and INDIVIDUAL 1 never paid any money back to the IRS.

## III.     BACKGROUND CONCERNING CELTIC BANK AND THE PAYCHECK PROTECTION PROGRAM

28.     The Paycheck Protection Program ("PPP") was authorized in 2020 by the Coronavirus Aid, Relief and Economic Security Act ("CARES"). It was modified by subsequent legislation and reauthorized by the Coronavirus Response and Relief Supplemental Appropriations Act of 2021. The PPP was implemented by the United States Small Business Administration ("SBA") with support from the United States Department of the Treasury. The PPP was intended to provide small businesses with forgivable loans to maintain payroll, hire back employees who may have been laid off, and cover applicable overhead. PPP loans are administered by banks and other lending institutions. The federal government paid the lending institutions fees for these services. The PPP ended on May 31, 2021. Celtic Bank was a financial institution engaged in activities related to the PPP.

29.     When a financial institution/lender would approve a PPP application, the financial institution/lender would submit a Form 2484 to the SBA via the SBA's Summit Paycheck Protection Platform. The processing platform would perform an initial screening of the loan application and then send the loan details to the SBA "E-Tran server" located in Sterling, Virginia. E-Tran would conduct additional validations and if appropriate, the application would be processed into an SBA Loan, creating a loan number. The E-Tran server would then transmit back

to the processing platform underwriting results, which then transmit the loan number or other decision back to the financial institution/lender. Once the financial institution/lender receives the SBA loan number, the financial institution/lender would process the closing loan documents and the financial institution/lender disburses the funds to the borrower. PPP lenders submit disbursement details into the SBA E-Tran system in Sterling, Virginia. E-Tran transmits the PPP processing fee to the financial institution/lender through the FMS system to the United States Department of the Treasury.

30. Celtic Bank was involved in processing PPP applications.

## IV.  DEFENDANT BLAKE FINDELL AND SABRINA WARD SUBMIT A FALSE APPLICATION FOR A PPP LOAN.

31. On or about May 14, 2020, defendants BLAKE FINDELL and SABRINA WARD caused an application for a PPP loan to be submitted to Celtic Bank. The PPP loan application, submitted on behalf of YDS, stated that in 2019, YDS had an average monthly payroll of $219,472.00 ($2,633,664.00 annualized) and 25 employees. On or about June 1, 2020, based on the reported average monthly payroll, a $548,680 loan was authorized. In support of the PPP loan relating to YDS, defendant BLAKE FINDELL and defendant SABRINA WARD submitted a Form 941 for the first quarter of 2020 and bank statements from Bank of the West.

32. The Form 941 submitted to Celtic Bank in support of the PPP loan stated that YDS had 25 employees in the first quarter of 2020. The Form 941 stated that YDS paid $520,487.55 in wages in the first quarter of 2020. The Form 941 stated that YDS withheld $208,195 in federal income taxes. Part 5 of the Form 941 states, "Under penalty of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge." Defendant SABRINA

WARD signed this attestation on Part 5 of the Form 941, and dated it April 6, 2020. Defendant SABRINA WARD provided her title as Vice-President and CEO of YDS.

33.     The Bank of the West bank statements for YDS that were submitted to Celtic Bank in support of the PPP loan were altered. True copies of YDS bank statements, which investigators obtained during the investigation, were different from the altered bank statements that were submitted in support of the PPP loan. For example:

      a.     YDS's true bank statements for February 2020 show a beginning balance of $465.13 and total withdrawals of $693.04. The bank statements submitted in support of the PPP loan show a beginning balance of $675,196.77 and total withdrawals of $350,565.19.

      b.     YDS's true bank statements for April 2020 show a beginning balance of $20.04, one credit of $50.00, and total withdrawals of $67.75. The bank statements submitted in support of the PPP loan show a beginning balance of $65,020.04, one credit of $365,500.00, and total withdrawals of $349,904.90.

34.     On or about June 1, 2020, after YDS's PPP loan application—which contained false information—was approved, Celtic Bank deposited a $548,680 PPP loan into YDS's Bank of the West account ending in -6388. Among multiple transactions, between about June 2, 2020, and September 28, 2020, approximately $251,000.00 was transferred from YDS's Bank of the West account ending in -6388 to defendant BLAKE FINDELL's Bank of the West account ending in -3707. Among multiple transactions, between about June 2, 2020, and July 8, 2020, approximately $164,000.00 was transferred from the YDS Bank of the West account ending in -6388 to BFE's Bank of the West Account ending in -9179. Among multiple transactions, between about June 29, 2020, and July 20, 2020, approximately $63,000.00 was transferred from YDS's Bank of the West

8

Account ending in -6388 to Technius LTD—a holding company for a Cyprus-based business known as Strip Chat (an adult entertainment site).

35.     Defendant BLAKE FINDELL never filed any U.S. Individual Tax Returns for tax year 2020, 2021, 2022, 2023, or 2024. Defendant BLAKE FINDELL never paid any income taxes on money YDS received from the 2020 PPP loan. Defendant BLAKE FINDELL never paid any income taxes on the $251,000.00 that was transferred from the YDS Bank of the West account ending in -6388 to defendant BLAKE FINDELL's Bank of the West account ending in -3707.

## V.     DEFENDANT BLAKE FINDELL MAKES FALSE STATEMENTS TO THE FBI AND IRS.

36.     In November of 2024, the Federal Bureau of Investigation ("FBI") and the Internal Revenue Service ("IRS") were conducting a criminal investigation concerning defendants BLAKE FINDELL and SABRINA WARD violating federal law, including violations of 26 U.S.C. § 7206(1) (making and subscribing a false return, statement, or other document), 26 U.S.C. § 7206(2) (aiding and assisting in the preparation and presentation of a false and fraudulent return, statement or other document); 26 U.S.C. § 7203 (failure to file), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1344(2) (bank fraud), and 18 U.S.C. § 1349 (conspiracy to commit wire fraud and bank fraud). The conduct and facts forming the basis of the investigation is described in paragraphs 1-35 of this Indictment.

37.     On or about November 27, 2024, in the District of Nebraska, as part of the FBI's and IRS's investigation concerning defendants BLAKE FINDELL and SABRINA WARD, IRS Special Agent 1 ("IRS AGENT 1") and FBI Special Agent 1 ("FBI AGENT 1") spoke with defendant BLAKE FINDELL. The following colloquy occurred (defendant BLAKE FINDELL is designated "FINDELL") (bolding added for emphasis):

IRS AGENT 1: And so on this you don't have any expenses for salary, wages, anything like that, you just have travel, cars, that kind of stuff right?

FINDELL: Correct, because we never sought funding from any grants, any any government stuff, it was all private equity that we were trying to raise.

IRS AGENT 1: Ok, so this money got deposited into your bank account

FINDELL: Into my bank account?

IRS AGENT 1: At bank of the West.

FINDELL: Ok

IRS AGENT 1: While all of this was going on, ok, after you got told that what you were doing was not correct, so I guess the question is why at that point don't you take that money and just give it back

FINDELL: **I, I don't know, I like, I I don't have an answer for you, because I never applied for a PPP loan. I never had anything to do with that. Me and Sabrina were trying to raise money for that.**

IRS AGENT 1: That money goes in your account, it gets transferred around to other accounts you control, it gets withdrawn in Omaha, ok, that all happens, so like I don't know how you can do all those things without knowing that the money was received, like you had a company that did nothing, earned no money, no income, all of a sudden there's half a million dollars that show up in your bank account. Right when it shows up in your bank account you start doing transactions, start pulling money out, you start moving money around, I just want to know why that happens.

FINDELL: **For... expenses I guess, I don't have an answer for that, like I don't know how that money got there, a funding source, like I didn't apply for a PPP loan.**

IRS AGENT 1: Sabrina did then? Cause...

FINDELL: I, I cant tell you that she did or didn't apply for a PPP loan.

IRS AGENT 1: So that phone number that you just confirmed was hers, ok, gets called by the lender, the lender talks to her, ok, at that number, about that loan, so you're saying that Sabrina, without your knowledge, applied for that, didn't tell you about it, the applications wrong, and you don't know what happened with the money, that's basically what your story is.

FINDELL: **That I don't know what ha... I don't know where it came from, I knew there was money in the account.**

FBI AGENT 1: So you remember five hundred thousand being deposited in into the account

FINDELL: I, I don't know the exact amount.

FBI AGENT 1: Around, you remember a large sum being deposited into the account, but you don't know where it came from and you didn't question where it came from or anything.

FINDELL: I mean no, I didn't.

IRS AGENT 1: Ok, so she just did that on her own, didn't tell you about it, you didn't ask, you got half a million dollars no questions, no, that's that's...

FINDELL: Alright I know that.

IRS AGENT 1: Its half a million dollars bro, that's a lot of money.

FINDELL: Ok.

IRS AGENT 1: Like in any universe.

FINDELL: Alight I'll just let you talk.

## COUNT ONE
### (Making And Subscribing A False Return, Statement, Or Other Document)

38.     The allegations in paragraphs 1 through 37 of this Indictment are re-alleged and fully incorporated herein by reference.

39.     On or about February 5, 2020, in the District of Nebraska, defendant BLAKE FINDELL, a resident of Omaha, Nebraska, did willfully make and subscribe a 2019 U.S. Individual Income Tax Return, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and which defendant BLAKE FINDELL did not believe to be true and correct as to every material matter. That 2019 U.S. Individual Income Tax Return, Form 1040, which was filed with the Director, Internal Revenue Service Center, at Ogden, Utah, stated that defendant BLAKE FINDELL received wages from BFE in 2019 in the amount of $154,129 with $48,788 in federal tax withholdings, whereas, as he then and there knew, he did not make $154,129 in wages from BFE in 2019 and no money was provided to the IRS in federal tax withholdings.

In violation of Title 26, United States Code, Sections 7206(1).

## COUNT TWO
### (Making And Subscribing A False Return, Statement, Or Other Document)

40.     The allegations in paragraphs 1 through 37 of this Indictment are re-alleged and fully incorporated herein by reference.

41.     On or about March 4, 2020, in the District of Nebraska, defendant SABRINA WARD, a resident of Omaha, Nebraska, did willfully make and subscribe an 2019 U.S. Individual Income Tax Return, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and which defendant SABRINA WARD did not believe to be true and correct as to every material matter. That 2019 U.S. Individual Income Tax Return, Form 1040,

which was filed with the Director, Internal Revenue Service Center, at Ogden, Utah, stated that defendant SABRINA WARD received wages from BFE in 2019 in the amount of $236,021 with $99,129 in federal tax withholdings, whereas, as she then and there knew, she did not make $236,000 in wages from BFE in 2019 and no money was provided to the IRS in federal tax withholdings.

In violation of Title 26, United States Code, Section 7206(1).


### COUNT THREE
**(Aiding And Assisting In the Preparation And Presentation Of A False And Fraudulent Return, Statement, Or Other Document—INDIVIDUAL 1)**

42.     The allegations in paragraphs 1 through 37 of this Indictment are re-alleged and fully incorporated herein by reference.

43.     On or about March 3, 2020, in the District of Nebraska, defendant BLAKE FINDELL, a resident of Omaha, Nebraska, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of INDIVIDUAL 1 for the calendar year 2019. The return was false and fraudulent as to a material matter, in that the return stated that in 2019, INDIVIDUAL 1 had wages from BFE in the amount of $198,646.00 and federal tax withholdings of $73,499, whereas, as defendant BLAKE FINDELL then and there knew, INDIVIDUAL 1 did not receive $198,646 in wages from BFE in 2019 and no money was provided to the IRS for federal tax withholdings.

In violation of Title 26, United States Code, Section 7206(2).

12

**COUNT FOUR**
**(Aiding And Assisting In the Preparation And Presentation Of A False And Fraudulent Return, Statement, Or Other Document—INDIVIDUAL 2)**

44.     The allegations in paragraphs 1 through 37 of this Indictment are re-alleged and fully incorporated herein by reference.

45.     On or about March 14, 2020, in the District of Nebraska, defendant BLAKE FINDELL, a resident of Omaha, Nebraska, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of INDIVIDUAL 2 for the calendar year 2019. The return was false and fraudulent as to a material matter, in that the return stated that in 2019, INDIVIDUAL 2 had wages from YDS in the amount of $437,272 and federal tax withholdings of $179,385, whereas, as defendant BLAKE FINDELL then and there knew, INDIVIDUAL 2 did not receive $437,272 in wages from YDS in 2019 and no money was provided to the IRS for federal tax withholdings.

In violation of Title 26, United States Code, Section 7206(2).

**COUNT FIVE**
**(Aiding And Assisting In the Preparation And Presentation Of A False And Fraudulent Return, Statement, Or Other Document—INDIVIDUAL 3)**

46.     The allegations in paragraphs 1 through 37 of this Indictment are re-alleged and fully incorporated herein by reference.

47.     On or about March 7, 2020, in the District of Nebraska, defendant BLAKE FINDELL, a resident of Omaha, Nebraska, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of INDIVIDUAL 3 for the calendar year 2019. The return was

false and fraudulent as to a material matter, in that the return stated that in 2019, INDIVIDUAL 3 had wages from BFE in the amount of $183,497 and federal tax withholdings of $67,894, whereas, as defendant BLAKE FINDELL then and there knew, INDIVIDUAL 3 did not receive $183,497 in wages from BFE in 2019 and no money was provided to the IRS for federal tax withholdings.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT SIX
### (Failure To File)

48.     The allegations in paragraphs 1 through 37 of this Indictment are re-alleged and fully incorporated herein by reference.

49.     During the calendar year 2020, defendant BLAKE FINDELL, who was a resident of Omaha, Nebraska, had and received gross income of $548,680. By reason of such gross income, he was required by law, following the close of the calendar year 2021, and on or before July 15, 2021, to make an income tax return to the Internal Revenue Service Center, at Ogden, Utah, to a person assigned to receive returns at the local office of the Internal Revenue Service at Omaha, Nebraska, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about July 15, 2021, in the District of Nebraska and elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

## COUNT SEVEN
### (Conspiracy To Commit Bank Fraud And Wire Fraud)

### THE CONSPIRACY

50.     The allegations in paragraphs 1 through 37 of this Indictment are re-alleged and fully incorporated herein by reference.

51.     That on or between about May 14, 2020, and July 20, 2020, in the District of Nebraska and elsewhere, defendants BLAKE FINDELL and SABRINA WARD, together with others known and unknown to the Grand Jury, combined, conspired, and agreed with each other to commit certain offenses against the United States, to wit:

a.      Knowingly executed and attempted to execute a scheme and artifice to defraud an FDIC insured financial institution, to wit: Celtic Bank, and to obtain monies, funds, credits, assets, securities, and other property owned by and under the custody and control of an FDIC insured financial institution, to wit: Celtic Bank, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344(2) (bank fraud);

b.      Knowingly devised and intended to devise a scheme and artifice to defraud an FDIC insured financial institution, to wit: Celtic Bank, and to obtain money and property from an FDIC insured financial institution, to wit: Celtic Bank, by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme and artifice, transmitted and caused to be transmitted in interstate commerce, by means of a wire communication, certain writings, signs, signals, and sounds, in violation of Title 18, United States Code Section 1343 (wire fraud).

## OBJECT OF THE CONSPIRACY

52.     The object of the conspiracy was for defendants BLAKE FINDELL and SABRINA WARD to enrich themselves by obtaining moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of an FDIC insured financial institution by means of materially false and fraudulent pretenses, representations, and promises, to wit: by knowingly and intentionally submitting a PPP loan application, on behalf of YDS, containing false, fraudulent, and altered information, which they caused to be submitted to Celtic Bank, an FDIC insured financial institution.

## MANNER AND MEANS OF THE CONSPIRACY

53.     Defendants BLAKE FINDELL's and SABRINA WARD's conspiracy to enrich themselves by knowingly submitting a PPP loan application on behalf of YDS, containing false, fraudulent, and altered information, which they caused to be submitted to Celtic Bank, included the following manner and means:

a.      It was part of the conspiracy that defendants BLAKE FINDELL and SABRINA WARD falsely and fraudulent stated on a Form 941, which was submitted to Celtic Bank in support of the PPP loan, that YDS had 25 employees in the first quarter of 2020. In truth and in fact, YDS never had 25 employees.

b.      It was part of the conspiracy that defendants BLAKE FINDELL and SABRINA WARD falsely and fraudulently stated on a Form 941, which was submitted to Celtic Bank in support of the PPP loan, that YDS had an average monthly payroll of $219,472.00 ($2,633,664.00 annualized). In truth and in fact, YDS did not pay $219,472 in payroll.

c.      It was part of the conspiracy that defendants BLAKE FINDELL and

SABRINA WARD falsely and fraudulently stated on a Form 941, which was submitted to Celtic Bank in support of the PPP loan, that in 2019, YDS withheld $208,195 in federal income taxes. In truth and in fact, YDS did not withhold any federal income taxes in 2019.

        d.      It was part of the conspiracy that defendants BLAKE FINDELL and SABRINA WARD, in support of the PPP loan, caused to be submitted to Celtic Bank, fraudulent and altered bank statements, purportedly coming from YDS's Bank of the West account ending in -6388.

        e.      It was part of the conspiracy that after YDS's PPP loan application—which contained false information—was approved, Celtic Bank deposited a $548,680 PPP loan into YDS's Bank of the West account ending in -6388. Among multiple transactions, between about June 2, 2020, and September 28, 2020, approximately $251,000.00 was transferred from YDS's Bank of the West account ending in -6388 to defendant BLAKE FINDELL's Bank of the West account ending in -3707. Among multiple transactions, between about June 2, 2020, and July 8, 2020, approximately $164,000.00 was transferred from the YDS Bank of the West account ending in -6388 to BFE's Bank of the West Account ending in -9179. Among multiple transactions, between about June 29, 2020, and July 20, 2020, approximately $63,000.00 was transferred from YDS's Bank of the West Account ending in -6388 to Technius LTD—a holding company for a Cyprus-based business known as Strip Chat (an adult entertainment site).

## WIRE TRANSMISSION

    54.      It was a part of the conspiracy that interstate wires communication facilities would be used in furtherance of the scheme. Specifically, defendants BLAKE FINDELL and SABRINA WARD submitted the PPP loan application from Omaha, Nebraska. The IP address associated

with the PPP loan application resolves to Omaha, Nebraska. After defendants BLAKE FINDELL

and SABRINA WARD knowingly submitted the PPP loan application on behalf of YDS, which

they caused to be submitted to Celtic Bank, Celtic Bank submitted online a Form 2484 to the SBA

via the SBA's Summit Paycheck Protection Platform, which would result in the processing

platform sending the loan details online to the SBA "E-Tran server" located in Sterling, Virginia.

In violation of Title 18, United States Code, Sections 1343, 1344(2), and 1349.

## COUNT EIGHT
### (Bank Fraud)

55.     The allegations in paragraphs 1 through 37 of this Indictment are re-alleged and
fully incorporated herein by reference.

### THE SCHEME TO DEFRAUD

56.     That on or between about May 14, 2020, and July 20, 2020, in the District of

Nebraska and elsewhere, defendants BLAKE FINDELL and SABRINA WARD,  knowingly and

with intent to defraud, devised, executed, and attempted to execute a scheme to obtain monies,

funds, assets, and other property owned by and in the custody and control of an FDIC insured

financial institution, by means of materially false and fraudulent pretenses, representations, and

promises, to wit: defendants BLAKE FINDELL and SABRINA WARD knowingly and

intentionally submitting a PPP loan application on behalf of YDS, containing false, fraudulent,

and altered information, which they caused to be submitted to Celtic Bank, an FDIC insured

financial institution.

57.     The fraudulent scheme was operated and carried out, in substance, as set forth in

paragraph 53 of this Indictment.

In violation of Title 18, United States Code, Sections 1344(2) and 2.

## COUNT NINE
**(Wire Fraud)**

58.     The allegations in paragraphs 1 through 37 of this Indictment are re-alleged and fully incorporated herein by reference.

### THE SCHEME TO DEFRAUD

59.     That on or between about May 14, 2020, and July 20, 2020, in the District of Nebraska and elsewhere, defendants BLAKE FINDELL and SABRINA WARD did knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud as to a material matter and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, to wit: defendants BLAKE FINDELL and SABRINA WARD knowingly and intentionally submitting a PPP loan on behalf of YDS containing false, fraudulent, and altered information, which they caused to be submitted to Celtic Bank, an FDIC insured financial institution.

60.     The fraudulent scheme was operated and carried out, in substance, as set forth in paragraph 53 of this Indictment.

61.     For the purpose of executing such scheme and artifice and attempting to do so, as described in paragraph 54 of this Indictment, defendants BLAKE FINDELL and SABRINA WARD did transmit and caused to be transmitted, by means of wire communication in interstate commerce, certain writing, signs and signals.

In violation of Title 18, United States Code, Sections 1343.

## COUNT TEN
### (False Statement)

62.     The allegations in paragraphs 1 through 37 of this Indictment are re-alleged and fully incorporated herein by reference.

63.     On or about November 27, 2024, in the District of Nebraska, defendant BLAKE FINDELL, in a matter within the jurisdiction of the FBI and IRS, federal agencies of the United States, did knowingly and willfully make a false statement to FBI AGENT 1 and IRS AGENT 1 that was material to a federal investigation. On or about November 27, 2024, defendant BLAKE FINDELL stated to IRS AGENT 1 and FBI AGENT 1: "*I never applied for a PPP loan. I never had anything to do with that.*" In truth and in fact, as defendant BLAKE FINDELL well knew, defendant BLAKE FINDELL was involved in submitting a PPP loan application on behalf of YDS on or about May 14, 2020.

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT ELEVEN
### (False Statement)

64.     The allegations in paragraphs 1 through 37 of this Indictment are re-alleged and fully incorporated herein by reference.

65.     On or about November 27, 2024, in the District of Nebraska, defendant BLAKE FINDELL, in a matter within the jurisdiction of the FBI and IRS, federal agencies of the United States, did knowingly and willfully make a false statement to FBI AGENT 1 and IRS AGENT 1 that was material to a federal investigation. On or about November 27, 2024, when discussing the $548,680 deposit into YDS's Bank of the West account ending in -6388, occurring on or about June 1, 2020, which stemmed from YDS's PPP loan application, defendant BLAKE FINDELL stated to IRS AGENT 1 and FBI AGENT 1: "*For… expenses I guess, I don't have an answer for*

*that, like I don't know how that money got there, a funding source, like I didn't apply for a PPP loan.*" In truth and in fact, as defendant BLAKE FINDELL well knew, defendant BLAKE FINDELL was aware that the $548,680 deposited into YDS's Bank of the West account ending in -6388 on or about June 1, 2020, was the result of YDS's PPP loan application.

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT TWELVE
**(False Statement)**

66.     The allegations in paragraphs 1 through 37 of this Indictment are re-alleged and fully incorporated herein by reference.

67.     On or about November 27, 2024, in the District of Nebraska, defendant BLAKE FINDELL, in a matter within the jurisdiction of the FBI and IRS, federal agencies of the United States, did knowingly and willfully make a false statement to FBI AGENT 1 and IRS AGENT 1 that was material to a federal investigation. On or about November 27, 2024, when discussing the $548,680 deposit into YDS's Bank of the West account ending in -6388, occurring on or about June 1, 2020, which stemmed from YDS's PPP loan application, defendant BLAKE FINDELL stated to FBI AGENT 1 and IRS AGENT 1: "*That I don't know what ha... I don't know where it came from, I knew there was money in the account.*" In truth and in fact, as defendant BLAKE FINDELL well knew, defendant BLAKE FINDELL was aware that the $548,680 deposited into YDS's Bank of the West account ending in -6388 on or about June 1, 2020, was the result of YDS's PPP loan application.

In violation of Title 18, United States Code, Section 1001(a)(2).

## FORFEITURE ALLEGATION ONE
### (Property Related To Title 18 Offenses)

68.     The allegations contained in Counts Seven through Twelve of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

69.     Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1343, 1344(2), 1349, and 1001(a)(2), and as set forth in Counts Seven through Twelve of this Indictment, defendants BLAKE FINDELL and SABRINA WARD, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

70.     If any of the property described above, as a result of any act or omission of defendants BLAKE FINDELL and SABRINA WARD:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

        All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

### FORFEITURE ALLEGATION
#### (Property Used In Violation Of The Internal Revenue Laws)

68.     The allegations contained in Counts One through Six of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 26, United States Code, Section 7302, and Title 28, United States Code, Section 2461(c).

69.     Pursuant to Title 26, United States Code, Section 7302, and Title 28, United States Code, Section 2461(c), the United States of America will seek the forfeiture of property as part of the sentence imposed in this case; that is, the forfeiture of any property intended for use or used in violating the provisions of the internal revenue laws, or regulations prescribed under such laws, including violations of Title 26, United States Code, Sections 7206(1), 7206(2), and 7203, as set forth in Counts One through Six of this Indictment.

70.     Pursuant to Title 28, United States Code, Section 2461(c), the United States of America will seek forfeiture of substitute property up to the value of property subject to direct forfeiture that is not available for forfeiture on account of any act or omission contemplated by Title 21, United States Code, Section 853(p)(1).

**SEALED**

A TRUE BILL.

_____
FOREPERSON

The United States of America requests that trial of this case be held in Omaha, Nebraska, pursuant to the rules of this Court.

UNITED STATES OF AMERICA,
Plaintiff

LESLEY A. WOODS
United States Attorney
District of Nebraska

_____
JODY MULLIS
Assistant United States Attorney